## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD LANCASTER,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:23-cv-00869** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN OF LACKAWANNA** | : | |
| **COUNTY PRISON, <u>et</u> <u>al.</u>,** | : | |
| **Respondents** | : | |

### <u>MEMORANDUM</u>

<u>Pro se</u> Petitioner Todd Lancaster ("Petitioner"), an inmate at the Lackawanna County Prison in Scranton, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.)  In his petition, he challenges his underlying state court criminal conviction and sentence, which were imposed by the Court of Common Pleas of Lackawanna County, Pennsylvania in November of 2015.  (<u>Id.</u>)  For the reasons set forth below, the Court will grant Respondents' motion to dismiss Petitioner's Section 2254 petition (Doc. No. 10), and the Court will dismiss, as moot, Petitioner's motion to grant his petition (Doc. No. 14).

## I.    BACKGROUND

### A.    Procedural Background

On May 15, 2023[1] Petitioner commenced the above-captioned action by filing his Section 2254 petition and a motion for leave to proceed in forma pauperis.  (Doc. Nos. 1, 2.)   On June 21, 2023, the Court issued an Administrative Order in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed—that is, as a Section 2254 petition for a writ of habeas corpus or (2) withdraw his petition and file one all-inclusive Section 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. No. 6.) The Court included a Notice of Election form in its Administrative Order and directed Petitioner to elect how he would be proceeding in this action within forty-five (45) days.  (Id. at 5.)  In addition, the Court granted Petitioner's motion for leave to proceed in forma pauperis.  (Id. at 4.)

On July 17, 2023, Petitioner filed his Notice of Election form, electing to have the Court rule on his petition as filed.  (Doc. No. 8 at 1.)  The following day, the

---

[1]  Although the Court did not receive the petition until May 25, 2023 the petition is dated May 15, 2023 (Doc. No. 1 at 14) and, thus, is deemed filed as of that date.  See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998)).

Court directed the Clerk of Court to serve a copy of the petition upon Respondents Warden of Lackawanna County Prison, the Attorney General of the Commonwealth of Pennsylvania, and the District Attorney of Lackawanna County, and ordered that Respondents file an answer, motion or other response to the allegations contained in Petitioner's Section 2254 petition within twenty (20) days. (Doc. No. 6.)

On July 27, 2023, Respondents filed a motion to dismiss Petitioner's Section 2254 petition, along with a supporting brief. (Doc. Nos. 10, 11.) As reflected by the Court's docket, Petitioner did not file a brief in opposition. However, Petitioner did file a motion to grant his Section 2254 petition (Doc. No. 14), as well as various letters and exhibits, all in support of his request for habeas relief (Doc. Nos. 13, 16, 17). Thus, the parties' pending motions are ripe for the Court's disposition.

### B.    Factual Background

Petitioner has multiple convictions and corresponding docket numbers stemming from the Court of Common Pleas of Lackawanna County, Pennsylvania. Those docket numbers are CP-35-CR-0001518-2012, CP-35-CR-0001722-2012, CP-35-CR-0002359-2012, and CP-35-CR-0000067-2013. Petitioner argues (Doc. No. 14 at 1, ¶ 2), and Respondents concede (Doc. No. 15 at 1, ¶ 2), that Petitioner was sentenced on all of these docket numbers on November 9, 2015. In the instant Section 2254 petition, however, Petitioner only cites to docket number CP-35-CR-

0001722-2012, and, thus, the Court's discussion is focused on this docket number. See, e.g., (Doc. No. 1 at 1 ¶ 1(b) (citing to this docket number as "CR-1722 ct 2")).

The Court takes judicial notice of the state court's docket sheet in CP-35-CR-0001722-2012, which is available through the Unified Judicial System of Pennsylvania Web Portal at the following address: https://ujsportal.pacourts.us/-CaseSearch. See Commonwealth v. Lancaster, No. CP-35-CR-0001722-2012 (Lackawanna Cnty. Ct. Com. Pl., filed July 31, 2012).  Under that docket number, Petitioner was originally accepted into treatment court. See id.  He was terminated from treatment court on July 9, 2015.  See id.; (Doc. No. 13-1 at 2). And, on November 9, 2015, he pleaded guilty to, and was sentenced for, theft by unlawful taking and receiving stolen property, and he was subsequently incarcerated.  See Commonwealth v. Lancaster, No. CP-35-CR-0001722-2012 (Lackawanna Cnty. Ct. Com. Pl., filed July 31, 2012); (Doc. No. 16 at 1 (alleging that he was "[s]entenced [on] 11/9/15 to 2 years state prison [from] 11/9/15 [to] 11/9/17" and that he had "consecutive probation[, which he] started [on] 11/9/17 and finished 11/9/18")).

Thereafter, on March 27, 2019, a status conference was held with the trial court.  See id.  Respondents appear to contend that, in connection with this status conference, the trial court issued an order on April 3, 2019, directing that Petitioner's "five years and ninety days of probation shall commence immediately." (Doc. No. 11 at 2); see also Commonwealth v. Lancaster, No. CP-35-CR-0001722-2012

4

(Lackawanna Cnty. Ct. Com. Pl., <u>filed</u> July 31, 2012).   The following month, however, a capias was issued for the arrest and detention of Petitioner, as a "[p]robation [v]iolator."   <u>See</u> <u>id.</u>  And, on July 31, 2019, a violation petition was filed. <u>See</u> <u>id.</u>

Thereafter, on October 17, 2019, Petitioner filed a petition for release from incarceration for treatment purposes.  <u>See</u> <u>id.</u>  The trial court granted that petition and issued an order for release and treatment.  <u>See</u> <u>id.</u>  Respondents contend that the trial court granted Petitioner's release from treatment "with a note that a violation was pending."  (Doc. No. 11 at 2.)  It appears that, on August 5, 2020, he was resentenced to one year of probation for the violation.  <u>See</u> <u>Commonwealth v. Lancaster</u>, No. CP-35-CR-0001722-2012 (Lackawanna Cnty. Ct. Com. Pl., <u>filed</u> July 31, 2012); <u>see also</u> (Doc. Nos. 13-1 at 2; 11 at 2; 16 at 1).

Thereafter, on December 28, 2021, another capias was issued for Petitioner's arrest and detention, as a "[p]robation [v]iolator."  <u>See</u> <u>Commonwealth v. Lancaster</u>, No. CP-35-CR-0001722-2012 (Lackawanna Cnty. Ct. Com. Pl., <u>filed</u> July 31, 2012). Petitioner subsequently filed a petition for release from incarceration for treatment purposes, and, on April 20, 2022, the trial court issued an order for Petitioner's release. <u>See</u> <u>id.</u>  However, the following day, on April 21, 2022, another violation petition was filed.  <u>See</u> <u>id.</u>  Although "[d]elinquency [n]otice[s]" were filed in

5

September 2022 and April 2023, no further proceedings are noted on the state court docket sheet.

Particularly relevant here, however, is that there is no indication that Petitioner filed a direct appeal of his conviction and sentence. See id.; see also (Doc. No. 14 at 1, ¶ 3 (containing Petitioner's motion to grant his Section 2254 petition wherein he asserts that "there was no reason" to file a direct appeal)). Additionally, there is also no indication that Petitioner filed an application for post-conviction relief in state court concerning his conviction and sentence. See id.

## II.   LEGAL STANDARD

Petitions for writs of habeas corpus filed pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

6

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  <u>See</u>  28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)") (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the habeas petitioner.  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) (regarding equitable tolling); <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013) (regarding actual innocence).

## III.   DISCUSSION

As discussed above, Respondents have filed a motion to dismiss Petitioner's Section 2254 petition.  (Doc. No. 10.)  In support, Respondents explain that Petitioner, who has had several convictions arising out of Lackawanna County, Pennsylvania, appears to be seeking relief from his conviction and sentence that was imposed under criminal docket CP-35-CR-1722-2012.  (Doc. No. 11 at 1.) Respondents contend, however, that Petitioner did not raise any challenge to this conviction or sentence in state court and, thus, his challenge in federal court is unexhausted.  (<u>Id.</u> at 3.)  Respondents further contend that, although exhaustion may be excused on the basis of procedural default, Petitioner has not shown cause and

prejudice or a fundamental miscarriage of justice to excuse the default. (Id. at 4.) In addition to these exhaustion issues, Respondents contend that Petitioner's Section 2254 petition is untimely. (Id. at 6–9.)

In response, Petitioner has filed a motion to grant his Section 2254 petition. (Doc. No. 14.) Petitioner has not filed a brief in support of his motion, as required by the Local Rules of this Court, see M.D. Pa. L.R. 7.5, and, as such, the Court is authorized to deem his motion withdrawn. Recognizing Plaintiff's pro se status, however, the Court has reviewed the contents of his motion. Having done so, it appears that Petitioner is attempting to oppose Respondents' motion to dismiss by arguing, inter alia, that his "multiple convictions" were "all consecutive[,]" that he "exhausted" state court remedies, and that his petition is "timely[.]" See (id. at 1).

The Court having reviewed the parties' motions, the relevant state court docket sheet, and pertinent authorities, will grant Respondents' motion to dismiss. In doing so, the Court will address what it deems to be the Respondents' threshold argument: the timeliness of the instant petition.

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, see Pa. R.A.P. 903(a),[2] starting from the latter of (a) the date of sentencing, see Pa.

---

[2]  See Pa.R.A.P. 903(a) (providing as follows: "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken").

R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2).  The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  See 42 Pa. C.S.A. § 9545(b)(3).

Here, the relevant state court docket sheet reflects that Petitioner was sentenced under CP-35-CR-1722-2012 on November 9, 2015.  Petitioner had thirty (30) days, or until December 9, 2015, in which to file a direct appeal to the Superior Court of Pennsylvania from his judgment of sentence.  Because Petitioner did not do so, his judgment of sentence became final on December 9, 2015, and the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, December 10, 2015, and Petitioner had one year in which to file his Section 2254 petition in this Court.  Petitioner, however, did not file his Section 2254 petition in this Court until May 15, 2023 (Doc. No. 1 at 14), well over six (6) years after the statute of limitations expired.  See 28 U.S.C. § 2244(d)(1)(A) (providing that petitions for writs of habeas corpus, filed pursuant to Section 2254, are subject to a one-year statute of limitations period, which begins to run from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").[3]

Moreover, to the extent that Petitioner may be attempting to challenge not only when he was originally sentenced under criminal docket CP-35-CR-1722-2012 on November 9, 2015, but when he was subsequently resentenced under that docket on August 5, 2020 (Doc. Nos. 13 at 1; 16 at 1), the Court notes that the outcome would be the same. Petitioner would have had had thirty (30) days, or until September 4, 2020, in which to file a direct appeal to the Superior Court of Pennsylvania from his resentencing. Because Petitioner did not do so, his judgment of sentence became final on September 4, 2020, and the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, September 5, 2020, and Petitioner had one year to file his Section 2254 petition in this Court. As set forth above, however, Petitioner did not file his Section 2254 petition in this Court until May 15, 2023 (Doc. No. 1 at 14), well over one year after the statute of limitations expired.

---

[3] The Court notes that Petitioner does not assert that any of the other statutory provisions concerning the one-year limitations period applies here. See 28 U.S.C. § 2244(d)(1). For instance, Petitioner does not assert that any new rule of constitutional law applies to his case, that any State action prevented him from filing the petition, or that there are any new factual predicates for his claims which were not previously discoverable with the exercise of due diligence. See id. § 2244(d)(1)(B–D).

Consequently, the Court finds that his petition is untimely. However, the Court's analysis does not end there. The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception. For the reasons discussed below, the Court agrees with Respondent that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

## A.    Statutory Tolling

With respect to statutory tolling, the Court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" See 28 U.S.C. § 2244(d)(2). Here, the state court record reflects that Petitioner did not file any petitions for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, within one year of the date his judgment of sentence became final in CP-35-CR-0001722-2012. See 42 Pa.C.S. § 9545(b)(1) (providing that "[a]ny [PCRA] petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . "). Thus, because Petitioner did not file any such petitions during this relevant period of time, the Court finds that statutory tolling does not overcome the untimeliness of his Section 2254 petition. The Court turns to

the question of whether the one-year limitations period is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

## B.    Equitable Tolling

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168).  For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace, 544 U.S. at 418).  Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum."  See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[ ] equity's operation" (citations omitted)).

The Court finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here.  More specifically, Petitioner has neither alleged nor shown any factual basis upon which the Court could conclude that he diligently pursued his rights and that some extraordinary circumstance stood in his way, thus preventing him from timely filing his Section 2254 petition in this Court.  See (Doc.

No. 1 at 13 (containing his Section 2254 petition wherein he left blank the section of his petition titled, "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in [Section 2244(d)] does not bar your petition . . . ")); <u>see also</u> <u>Pace</u>, 544 U.S. at 418 (explaining that the petitioner bears the burden of establishing that he is entitled to equitable tolling).

Moreover, it has long been recognized that "[m]ere excusable neglect is not sufficient" to rise to the level of an extraordinary circumstance. <u>See</u> <u>LaCava v. Kyler</u>, 398 F.3d 271, 276 (3d Cir. 2005) (citations omitted); <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (noting that claims of "excusable neglect . . . such as attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (citation, internal citation, and internal quotation marks omitted)).  Thus, the Court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

## C.    Actual Innocence

The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>See</u> <u>McQuiggin</u>, 569 U.S. at 394–95 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329

13

(1995)).  Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one.  See id. at 401.  The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  See Schlup, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  See McQuiggin, 569 U.S. at 386 (quoting Schulp, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schulp, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar").  Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner."  See id. at 191 (citations omitted).  All three (3) of these factors are necessary for a habeas petitioner to be entitled to relief under the actual innocence exception.  See id.  And, if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired.  See McQuiggen, 569 U.S. at 386.

Accordingly, in order for Petitioner to demonstrate that he is entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The Court, having reviewed this matter, ultimately finds that Petitioner has not made this threshold showing.  In fact, from what the Court can discern, Petitioner has not asserted actual innocence, much less presented any new reliable evidence of his innocence.

Thus, for all of these reasons, the Court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. See House v. Bell, 547 U.S. 518, 538 (2006) (stating that "it bears repeating that the Schlup standard is demanding and permits review only in the extraordinary case" (citations omitted)).

### D.    Conclusions as to the Parties' Pending Motions

Accordingly, for all of these reasons, the Court agrees with Respondents that Petitioner's Section 2254 petition, as it relates to Petitioner's criminal docket CP-35-CR-001722-2012, is barred by AEDPA's statute of limitations.[4]  As a result, the

---

[4] In light of this ruling, the Court need not address Respondents' remaining argument that Petitioner's Section 2254 petition, as it relates to CP-35-CR-001722-2012, should be dismissed due to his failure to exhaust state court remedies.

Court will grant Respondents' motion to dismiss on this basis.  (Doc. No. 10.)
However, because it is unclear whether Petitioner is attempting to challenge his
remaining criminal dockets referenced in this action (CP-35-CR-0001518-2012, CP-
35-CR-0002359-2012, and CP-35-CR-0000067-2013), the Court will dismiss
Petitioner's Section 2254 petition as untimely with respect to only criminal docket
CP-35-CR-001722-2012. This dismissal will be without prejudice to Petitioner
filing an amended Section 2254 petition to the extent that he seeks to challenge his
remaining criminal dockets.[5]  Finally, the Court will dismiss, as moot, Petitioner's
motion to grant his Section 2254 petition.  (Doc. No. 14.)

## IV.   CONCLUSION

For all of the foregoing reasons, the Court will grant Respondents' motion to
dismiss Petitioner's Section 2254 petition, and the Court will dismiss, as moot,
Petitioner's motion to grant his Section 2254 petition.  In addition, the Court will not
issue a certificate of appealability because jurists of reason would not debate this
procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that
when a habeas corpus petition is denied on procedural grounds, the petitioner must
demonstrate "that jurists of reason would find it debatable whether the petition states

---

[5]  For instance, Petitioner's motion to grant his Section 2254 petition seems to
suggest that there has been more recent activity in at least one of his remaining
criminal dockets.  See, e.g., (Doc. No. 14 at 1 (arguing that he is challenging the
"May of 2022 order" under criminal docket number CP-35-CR-002359-2012 and
that his petition is, therefore, timely)).

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  An appropriate Order follows.

Date: March 13, 2024                                        s/ Sylvia H. Rambo
                                                           SYLVIA H. RAMBO
                                                           United States District Judge